## STEPHENS v. McALPIN.

(City Court of New York, General Term.  May 26, 1899.)

PLEADING—AMENDMENT AT TRIAL.
     An employé suing for a wrongful discharge should not be permitted to amend at the trial, some three years later, so as to allege an earlier discharge than that alleged in the complaint and admitted by the answer, where the object of the amendment is to avoid the effect of conduct justifying a discharge occurring between the time proposed to be alleged in the amendment and the time alleged in the complaint.

Appeal from trial term.

Action by Harris G. Stephens against Samuel McAlpin.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

Norwood & Dilley, for appellant.
Henry Gottgetreu, for respondent.

FITZSIMONS, C. J.  The complaint alleges that defendant engaged plaintiff for one year, commencing January 1, 1895, and on October 2, 1895, without any good cause, discharged him.  Defendant's answer admits the making of the contract, and admits plaintiff's discharge on October 2d, but alleges good cause for such discharge.  Issue was joined in February, 1896.  In January, 1899, the action was tried.  At the commencement of the trial, plaintiff moved to amend his complaint by alleging that his discharge occurred on September 20th.  At the end of the trial his motion was granted, against defendant's objection.  Nothing happened during the trial which, in our judgment, entitled plaintiff to the amendment asked for.  By such amendment he hoped to avoid the consequences of many of his transgressions occurring between September 20th and October 2d, and which would justify his discharge. In our judgment, the trial justice erred in granting the amendment in question.  Plaintiff in February, 1896, when the date of his discharge was fresh in his memory, alleged its occurrence on October 2, 1895, which was admitted by defendant.  He should not have been permitted in January, 1899, and during the very trial of the issue so made by him, to change its date to September 20th.  His motion to amend should have been denied upon the ground of his laches.  If he wanted to amend at all, he should have asked to have a juror withdrawn, and for leave to apply to the special term for the desired relief, where the application could have been fully and fairly presented and argued, and, if granted, would have been granted upon proper terms.  Material amendments, such as this one was, should not be allowed at the trial, and such applications should not be encouraged.  The bed that litigants make and lie in

up to the trial should not be then vacated by them. They should continue to lie therein until the jury render their verdict.

Judgment must be reversed, and a new trial is ordered, with costs to appellant to abide event of action. All concur.

